Ho wet, J.,
delivered the opinion of the court:
Plaintiff sues to recover of and from the defendants the value of certain property alleged to have been taken from the decedent in Valencia County, N. Mex. Indian depredation act, 26 Stats., 851.
The claim bears the earmarks of honesty. It was promptly presented to the Navajo Indian Agency after the depredation and by the agent presented to a council of the chiefs and headmen of the Navajo Nation. The proof amply sustains the taking of the property and the value as set forth in the findings. The report of the agent of the Navajo Indians was subsequently filed in the Indian Office at the seat of government.
The defense set up alleges “ the serious question in the case ” to be the ownership of the property at the time of the depredation. The contention is that the herder who had the sheep on shares from the deceased Otero was the owner of the property and not Otero, and in the absence of any evidence as to the time the contract was to run it must be assumed that the contract was to run indefinitely, subject alone to be terminated by the original owner upon reasonable notice to the herder. It is further argued that the fact that the contract was unlimited as to time would seem to indicate that the original owner did not contemplate receiving back the original sheep and was content to take his share in the increase and the wool each year.
The court has dealt, under the Indian depredation act, with a few cases coming from New Mexico under what are termed “ contracts in 'partido that is, where cattle or sheep are delivered to others with an agreement to share profits. In Jaramillo v. United States et at., 37 C. Cls. R., 150, we adverted to the general rule in the following language: The recognized distinction between bailment and sale is that *219 when the identical article is to be returned in the same or in some altered form, the contract is one of bailment and the title to the property is not changed. On the other hand, when there is no obligation to return the specific article and the receiver is at liberty to return another thing of value he becomes a debtor to make the return and the title to the property is changed; the transaction is a sale. Powder Co. v. Burkhardt, 97 U. S., 110; Sturm v. Booker, 150 Ibid., 312.
The court is of opinion that there is nothing in the findings which negatives the obligation on the part of the herder to return the sheep committed by Otero to him, and who, at the time of the taking, was in possession of the property. There is nothing to show that by the delivery of the flock to Yigil the latter acquired anything more than a qualified interest determinable at any time the owner saw fit to repossess himself of the identical property committed to the herder’s care and keeping. The only interest which the bailee contracted to obtain was an interest in the increase and in the wool clipped from time to time. Under these circumstances the title to the herd remained in the bailor. The stipulated terms of the agreement do not disclose enough to say that Otero intended to transfer his ownership or that title became vested in the herder.
Judgment will be entered for the plaintiff .in the sum of $515.